{¶ 19} I respectfully dissent from the majority's remand to clarify the sentencing journal entries. A court speaks through its journal. The trial court in the instant case failed to impose restitution in its journal entries and, therefore, I would overrule the fourth assignment of error.
 {¶ 20} The majority suggests that once the trial court "clarifies" the issue, then this court may address the merits of the imposition of restitution. It was the parties' obligation to review the trial court record during the pendency of the appeal and to seek a correction of the journal entries to conform to the record if necessary, pursuant to Crim.R. 36 and App.R. 9(E). Once we have affirmed Lewis' case, our jurisdiction ends. Lewis cannot bring another appeal on only the restitution issue if the trial court properly imposes restitution in a journal entry. *Page 1